## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ONH AFC CS INVESTORS, LLC, *et al.*,[1]<br>　　Debtors. | Confirmed Chapter 11 (Subchapter V)<br><br>Case No. 23-10931 (CTG)<br><br>(Jointly Administered) |
| ANNA PHILLIPS, in her capacity as the<br>Liquidating Trustee of the ONH Liquidating Trust,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>DEFENDANTS LISTED ON EXHIBIT "A",<br><br>　　Defendants. | |

## ORDER REGARDING MOTION OF LIQUIDATING TRUSTEE FOR ORDER ESTABLISHING PROCEDURES GOVERNING ASSOCIATED ADVERSARY PROCEEDINGS BROUGHT PURSUANT TO 11 U.S.C. §§ 544, 548 AND 550

Upon the *Motion of Liquidating Trustee For Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant To 11 U.S.C. §§ 544, 548 And 550* (the "Procedures Motion"),[2] filed by Anna Phillips, in her capacity as the Liquidating Trustee (the "Trustee" or "Plaintiff") of the ONH Liquidating Trust (the "Liquidating Trust") for entry of a procedures order (this "Procedures Order") pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]　　The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

[2]　　Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

Delaware (the "Local Rules"), establishing streamlined procedures governing the adversary proceedings brought by the Trustee under sections 544, 548, and 550 of the Bankruptcy Code and identified on **Exhibit "A"** attached hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted as set forth herein; and it is further

**ORDERED**, the procedures governing all Parties to the Avoidance Actions are as follows:

**A. Effectiveness of the Procedures Order**

1. Unless otherwise ordered by the Court, this Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions.

2. This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B. Extensions to Answer or File Other Responsive Pleading to the Complaint**

3. The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons. An additional extension of time up to 60 days may be provided by Plaintiff without further order of the Court. Further extensions of time to respond shall require Court approval.

230824673 v3

## C. Waiver of Requirement to Conduct Pretrial Conference

4. Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rules 7004-2 and 7016-1 (i.e., pretrial conferences), is hereby waived and not applicable to the Avoidance Actions. Neither the Trustee nor any Defendant shall be required to appear at the initial pretrial conference or any subsequently scheduled pretrial conferences.

## D. Waiver of Requirement to Conduct Scheduling Conference

5. Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions except as otherwise set forth in Paragraph 6(i) and (ii) of this Order. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

## E. Discovery and Mediation Schedule

6. The parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the Mediation Process is concluded; provided that, the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Trustee and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process; provided further, that the proposed stay also will not preclude either party from requesting pre-mediation formal discovery. If any party to an Avoidance Action requests pre-mediation formal discovery, then:

   i.  Should the non-requesting party consent to pre-mediation formal discovery, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the completion of fact and/or expert discovery in advance of mediation; and

   ii. If the non-requesting party does not consent to pre-mediation formal discovery:

      a. The requesting party may request relief from the stay of discovery by filing with the Court (with copy to Chambers and to the other party to the Avoidance Action) a letter outlining the dispute and further requesting that formal discovery be concluded in advance of mediation;

      b. Any reply to such letter (if any) must be filed with the Court (with copy to Chambers and to the other party to the Avoidance Action) within two business days after the filing of the letter set forth in Paragraph 6.ii.a. above;

      c. The Court will inform the parties if it will require a conference call or formal motion to resolve the dispute; and

      d. Upon resolution of the dispute, either by agreement of the parties or at the direction of the Court, the parties shall either (a) continue with informal discovery and the Mediation Process; or (b) conduct a Rule 26(f) conference and submit a Scheduling Order to the Court, with formal discovery to be concluded in advance of mediation.

230824673 v3

7. Unless otherwise agreed to by the parties and approved by the Court, any Avoidance Action that has not been resolved and/or settled within 60 days after an answer or other responsive pleading is filed, shall be referred to mandatory mediation.

8. Within fifteen (15) days after an Avoidance Action has been referred to mediation, the parties shall agree upon a mediator from the register of proposed mediators (the "Mediator List") found on the Court's website at www.deb.uscourts.gov/mediators-list (each a "Mediator," collectively, the "Mediators"), unless otherwise extended. If the parties are unable to agree on a Mediator from the Mediator List, the parties shall submit a proposed order requesting the Court to appoint a Mediator.

9. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflicts checks and, in the event of a conflict, may abstain from acting in the particular mediation. Once the mediator selection period closes and a Mediator is selected or assigned, as applicable, the Trustee will file a notice of mediation indicating which mediator was selected.

10. Mediation will be scheduled by the Mediators after consulting the parties.

11. Within 14 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report"), which shall be limited to stating only whether the Avoidance Action settled or did not settle.

12. Following the completion of mediation, parties to any remaining and unsettled Avoidance Actions shall submit to the Court a proposed Scheduling Order that provides a timeline for the completion of fact and expert discovery.

## F. Mediation Procedures and Requirements

13. Because the Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation, except as otherwise agreed to by the parties. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

14. The parties in each Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. The parties may by consent and with the Mediator's approval agree to mediation by video conference. At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person except that, the parties may by consent and with the Mediator's approval agree to appear by video conference, and further, that the Mediator, in his or her sole discretion, by request of one of the parties, may allow a party representative to appear telephonically while its counsel appears in person, except where the parties agree otherwise.

15. The fees of the Mediator shall be paid by the Trustee on a per case basis. Unless otherwise agreed to by the Trustee and the Mediator, and approved by the Court, the Mediator's fees shall not exceed the following amounts:

    a. $7,500 for cases with a claim amount (as reflected in the complaint) of less than $250,000;

      b. $12,500 for cases with a claim amount (as reflected in the complaint) greater than $250,000 and less than $1,000,000; and

      c. $20,000 for cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000.

16. In addition to the fixed fee, the Trustee shall pay the Mediator a $250.00 administrative fee upon acceptance of appointment.

17. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

18. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners, or employees of their respective firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to Court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

19. All proceedings and writing incident to the mediation shall be privileged and confidential and shall not be reported or placed in evidence. Local Rule 9019-(5)(d) shall apply.

## G. Settlement Procedures for Avoidance Actions

20. The Trustee may settle and compromise the claims asserted in an Avoidance Action in accordance with the procedures set forth in the Plan and Liquidating Trust Agreement.

## H. Avoidance Actions Omnibus Hearings

21. The initial pretrial conference shall have been deemed to be held on September 11, 2025 at 10:00 a.m. (ET). Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to quarterly status conferences. Except as otherwise ordered by the Court, all matters concerning any Avoidance Actions shall be heard at status conferences before the Court (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

22. Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed such Defendant to appear. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, and it has not otherwise notified the Trustee through a notice of motion, the Defendant or its counsel must notify Trustee's counsel of the same, in writing, 10 days prior to said hearing so that the Trustee may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

23. Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

24. The Trustee shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.  Such reports shall include information on which Avoidance Actions have been settled, including amounts demanded and settlement amounts.

25. If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish dispositive motion deadlines, a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

## I. Miscellaneous

26. The Local Rules shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

27. The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


**Dated: August 6th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

6

230824673 v3

**Exhibit "A"**
**AVOIDANCE ACTIONS**

| Defendant | Adv. Pro. No. |
|---|---|
| Akerman LLP | 25-51060-CTG |
| American Express | 25-51061-CTG |
| Amiti IV LP | 25-51062-CTG |
| Apple Card | 25-51063-CTG |
| Avraham Auerbach | 25-51064-CTG |
| Bernard Nickels, Inc | 25-51065-CTG |
| Bernath & Rosenberg CPA | 25-51066-CTG |
| Bill.com | 25-51067-CTG |
| BLAIVAS & ASSOCIATES PC | 25-51068-CTG |
| Bordeaux Capital LLC | 25-51069-CTG |
| Center Square Ventures II LLC | 25-51070-CTG |
| Cong Mischknois Lavier Yakov | 25-51071-CTG |
| Dark Night Collectibles LLC | 25-51072-CTG |
| Eric Gleit | 25-51073-CTG |
| Hulsman Timepieces | 25-51074-CTG |
| Ibex Israel VC LP | 25-51075-CTG |
| 111 Wall Sub LLC; 1500 Market Street; 1500 Spring Garden JV LLC; 1635 Market JV LLC; 1835 Market Street JV LLC; 300 Lafayette Holdings LLC; and, Whale OP | 25-51076-CTG |
| Jacobowitz Newman Tversky | 25-51077-CTG |
| James Paragano Architect LLC | 25-51078-CTG |
| JP Morgan Chase | 25-51079-CTG |
| Marcus Evans Inc. | 25-51080-CTG |
| Mechanical Art Capital LLC | 25-51081-CTG |
| MVI Industries | 25-51082-CTG |
| New York Life | 25-51083-CTG |
| Parking Advisors, Inc. | 25-51084-CTG |
| The Pathways CBT Foundation | 25-51085-CTG |
| Pesach in the Northeast LLC | 25-51086-CTG |
| Petermann Bedat | 25-51087-CTG |
| Phillips Auctioneers LLC | 25-51088-CTG |
| Situs Asset Management | 25-51089-CTG |
| SS Associates LLC | 25-51090-CTG |
| Tick Tocking | 25-51091-CTG |
| UBS Financial Services | 25-51092-CTG |
| AXA XL Insurance; Hartford Fire Insurance Company; Hartford Insurance Group; Trumbull Insurance Group; USI Insurance Services; X.L. America Inc.; and, XL Insurance America, Inc. | 25-51093-CTG |
| Vianney Halter | 25-51094-CTG |